IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-458

 No. COA20-100

 Filed 7 September 2021

 Union County, Nos. 18 CRS 870, 52381, 52383

 STATE OF NORTH CAROLINA

 v.

 JODY ALLEN TARLTON, Defendant.

 Appeal by defendant from judgment entered 7 August 2019 by Judge Kevin M.

 Bridges in Superior Court, Union County. Heard in the Court of Appeals 13 April

 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Alexander H.
 Ward, for the State.

 Jarvis John Edgerton, IV, for defendant.

 STROUD, Chief Judge.

¶1 Jody Allen Tarlton (“Defendant”) appeals from a judgment entered upon a jury

 verdict finding him guilty of possession with intent to sell and deliver

 methamphetamine, possession of heroin, misdemeanor possession of marijuana,

 possession of drug paraphernalia, resisting a public officer, and attaining habitual

 felon status. Defendant argues that the trial court erred in denying his motion to

 dismiss the charge of resisting a public officer because there was a fatal variance
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 between the indictment and the evidence introduced at trial. Because the evidence

 at trial conformed to the allegations in the indictment as to the essential elements of

 the crime of resisting a public officer, we conclude there was no error.

 I. Background

¶2 The State’s evidence tended to show that on 15 May 2018 at approximately

 10:00 A.M., Detective David Todd Haigler of the Monroe Police Department received

 a phone call from a confidential informant. The confidential informant said

 Defendant—a white male carrying a “blue/black/gray camo in color book bag” and

 wearing blue jeans and a hat—would be at the Citgo Station on East Roosevelt

 Boulevard with “a significant amount of methamphetamine in [his] book bag.” Along

 with Sergeant Nick Brummer and Officer Travis Furr, Detective Haigler drove to the

 Citgo Station, where he “observed a white male matching the description . . . [who]

 had in his possession a camo book bag that was also described to [him] by the

 confidential informant.” For approximately twenty minutes, the officers watched

 Defendant as he stood outside the store.

¶3 When Sergeant Brummer and Detective Haigler got out of their vehicles and

 approached Defendant, he was “sitting down[;] he had a bag with him[;] and he had

 a knife on his side.” Sergeant Brummer testified that he asked Defendant “if he had

 anything on him that [the officers] needed to know about and [Defendant] said just a

 little bud in his pocket.” After asking Defendant to turn around and place his hands
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 on the wall, Detective Haigler retrieved marijuana from Defendant’s pocket. At that

 point, Officer Furr testified that he “grabbed the camouflage bag that was laying in

 between [Defendant’s] feet on the ground” and carried it to Detective Haigler’s

 vehicle.

¶4 After taking Defendant’s knife, Sergeant Brummer asked Defendant if he

 could search his book bag. Defendant explained that “he got the book bag from a male

 subject in the parking lot” and pointed toward the parking lot. Detective Haigler

 testified that when he looked in the direction that Defendant was pointing, Defendant

 “took off running.” Upon hearing Sergeant Brummer yell “get him,” Officer Furr left

 Defendant’s book bag on the police vehicle and joined Detective Haigler and Sergeant

 Brummer’s foot pursuit of Defendant. They apprehended Defendant within one

 minute.

¶5 At trial, Defendant stipulated that his book bag contained 11.49 grams of

 methamphetamine and less than .1 grams of heroin. At the close of the State’s

 evidence, Defendant moved to dismiss and “grant acquittals to [Defendant] on all the

 charges with which he’s currently related, recognizing the State has dismissed two of

 those from the very start.” The trial court denied the motion. Defendant renewed

 his motion to dismiss the charges at the close of all the evidence, and the trial court

 again denied the motion. The jury returned verdicts finding Defendant guilty of all

 charges. Defendant was sentenced to two consecutive judgments and commitments
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 for a total minimum of 178 months and a total maximum of 238 months

 imprisonment. Defendant appeals.

 II. Analysis

¶6 Defendant argues that “the trial court erred when it denied Defendant’s motion

 to dismiss the charge for resisting a public office because there was a fatal variance

 between the indictment allegation and the evidence.” (Original in all caps.)

 A. Preservation

¶7 The State argues that Defendant did not preserve his fatal variance argument

 for appellate review because “[t]his Court has repeatedly held that in order to

 preserve a fatal variance argument for appellate review, a defendant must

 specifically state at trial that a fatal variance is the basis for his motion to dismiss.”

 Defendant, citing State v. Smith, 375 N.C. 224, 846 S.E.2d 492 (2020), asserts that

 his “fatal variance argument here is preserved for normal appellate review upon his

 timely motions to dismiss all charges.”

¶8 In State v. Smith, 375 N.C. 224, 846 S.E.2d 492, the defendant was charged

 with two counts of engaging in sexual activity with a student in violation of North

 Carolina General Statute § 14-27.7. Id. at 226, 846 S.E.2d at 493. At trial, the

 defendant moved to dismiss the charge based on insufficient evidence of one element

 of the crime—whether sexual activity occurred—and the trial court denied the

 motion. Id. at 226–27, 846 S.E.2d at 493. In his appeal to this Court, the defendant
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 argued the trial court erred in denying his motion to dismiss because (1) “the evidence

 at trial did not establish that he was a ‘teacher’ within the meaning of N.C.G.S. § 14-

 27.7(b)” or, in the alternative, (2) “there was a fatal variance between the indictment

 and proof at trial since the indictment alleged defendant was a ‘teacher,’ but his

 status as a substitute teacher made him ‘school personnel’ under section 14-27.7(b).”

 Id. at 227–28, 846 S.E.2d at 494. This Court held that the defendant failed to

 preserve these arguments for appellate review because the insufficient evidence

 argument at trial was limited to a single element of the crime, and the fatal variance

 argument was not presented to the trial court. Id. at 228, 846 S.E.2d at 494.

¶9 On appeal, the Supreme Court acknowledged this Court’s opinion was filed

 before the Supreme Court’s opinion in State v. Golder, 374 N.C. 238, 839 S.E.2d 782

 (2020), which “addressed the specific issue of when a motion to dismiss preserves all

 sufficiency of the evidence issues for appellate review.” Id. at 228–29, 846 S.E.2d at

 494. In Golder, the Supreme Court “held that ‘Rule 10(a)(3) provides that a defendant

 preserves all insufficiency of the evidence issues for appellate review simply by

 making a motion to dismiss the action at the proper time.’” Id. at 229, 846 S.E.2d at

 494 (quoting Golder, 374 N.C. at 246, 839 S.E.2d at 788). Based on its holding in

 Golder, the Court in Smith explained, “[b]ecause defendant here made a general

 motion to dismiss at the appropriate time and renewed that motion to dismiss at the

 close of all the evidence, his motion properly preserved all sufficiency of the evidence
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 issues.” Id. at 229, 846 S.E.2d at 494. The Supreme Court did not conclusively

 determine whether the defendant’s fatal variance argument was preserved for

 appellate review; the Court stated, “assuming without deciding that defendant’s fatal

 variance argument was preserved, defendant’s argument would not prevail for the

 same reasoning.” Id. at 231, 846 S.E.2d at 496.

¶ 10 Following Golder and Smith, this Court recently addressed whether a fatal

 variance argument was preserved for appellate review:

 Although Golder did not address this specific question, our
 Court has noted, in light of Golder: “any fatal variance
 argument is, essentially, an argument regarding the
 sufficiency of the State’s evidence.” We further reasoned:
 “our Supreme Court made clear in Golder that ‘moving to
 dismiss at the proper time . . . preserves all issues related
 to the sufficiency of the evidence for appellate review.’”
 Specifically, in Gettleman we determined the defendant
 failed to preserve an argument that the jury instructions
 and indictment in that case created a fatal variance
 precisely because the Defendant failed to move to dismiss
 the charge in question. Here, unlike in Gettleman,
 Defendant did timely move to dismiss all charges, and
 thus, under the rationale of Gettleman, it would appear
 Defendant did preserve this argument. Without so
 deciding, and for purposes of review of this case, we employ
 de novo review.

 State v. Brantley-Phillips, ___ N.C. App. ___, No. 2021-NCCOA-307, ¶ 22 (citations

 and brackets omitted) (quoting State v. Gettleman, ___ N.C. App. ___, ___, S.E.2d 447,

 454 (2020)).

¶ 11 Here, Defendant moved to dismiss his charges at the close of the State’s
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 evidence and renewed the motion at the close of all the evidence. Therefore, as in

 Brantley-Phillips, “it would appear Defendant did preserve this argument” but,

 “[w]ithout so deciding, and for purposes of review of this case, we employ de novo

 review.” Id.

 B. Fatal Variance

¶ 12 Defendant argues there was a fatal variance between the indictment charging

 him with resisting a public officer and the evidence presented at trial. Specifically,

 the indictment alleged that at the time of Defendant’s resistance, Detective Haigler

 was “attempting to take the defendant into custody for processing narcotics” but the

 evidence at trial “only showed that Defendant ran from officers, including Haigler,

 after a small amount of marijuana was seized from his person.” Defendant asserts

 he “is entitled to have his resisting conviction vacated because the State tendered no

 evidence supporting its material indictment allegation that Defendant resisted an

 arrest for processing narcotics.”

 A motion to dismiss for a variance is in order when the
 prosecution fails to offer sufficient evidence the defendant
 committed the offense charged. A variance between the
 criminal offense charged and the offense established by the
 evidence is in essence a failure of the State to establish the
 offense charged.
 In order to prevail on such a motion, the defendant
 must show a fatal variance between the offense charged
 and the proof as to the gist of the offense.

 State v. Pickens, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997) (citations, quotation
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 marks, and brackets omitted). “In order for a variance to warrant reversal, the

 variance must be material. A variance is not material, and is therefore not fatal, if it

 does not involve an essential element of the crime charged.” State v. Norman, 149

 N.C. App. 588, 594, 562 S.E.2d 453, 457 (2002) (citations omitted).

 The determination of whether a fatal variance exists turns
 upon two policy concerns, namely, (1) [e]nsuring that the
 defendant is able to prepare his defense against the crime
 with which he is charged and (2) protecting the defendant
 from another prosecution for the same incident. However,
 a variance does not require reversal unless the defendant is
 prejudiced as a result.

 State v. Glidewell, 255 N.C. App. 110, 113, 804 S.E.2d 228, 232 (2017) (emphasis

 added) (citations, quotation marks, brackets, and ellipses omitted).

¶ 13 Defendant was charged with resisting, delaying, or obstructing a public officer

 under North Carolina General Statute § 14-223, which makes it a misdemeanor to

 “willfully and unlawfully resist, delay or obstruct a public officer in discharging or

 attempting to discharge a duty of his office[.]” N.C. Gen. Stat. § 14-223 (2019). “[O]ur

 Supreme Court has determined a warrant or bill of indictment must identify the

 officer—the person alleged to have been resisted, delayed or obstructed—by name;

 indicate the official duty he was discharging or attempting to discharge; and should

 point out, generally, the manner in which the defendant is charged with having

 resisted, delayed, or obstructed the officer.” State v. Nickens, 262 N.C. App. 353, 360,

 821 S.E.2d 864, 871 (2018) (emphasis added) (citations omitted). Here, the
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 indictment for resisting a public officer alleged that Defendant “unlawfully and

 willfully did”:

 resist, delay and obstruct Detective D. Haigler, a public
 officer holding the office of Monroe Police Department, by
 fleeing on foot to avoid arrest. At the time, the officer was
 discharging and attempting to discharge a duty of his
 office, attempting to take the defendant into custody for
 processing narcotics.

¶ 14 According to Defendant, the “basis for the arrest, as alleged in the indictment,

 is a material element of the charge[,]” and, therefore, any variance in the basis for

 the arrest between the evidence at trial and the allegation in the indictment would

 be material and fatal. However, Defendant does not cite, and our research has not

 revealed, any case that holds the specific basis for arrest is an essential element of

 the charge of resisting a public officer. It is well-established that an essential element

 of the charge of resisting a public officer is the identification of the official duty an

 officer was discharging or attempting to discharge at the time of a defendant’s

 resistance. See id.; State v. Swift, 105 N.C. App. 550, 553, 414 S.E.2d 65, 67 (1992).

 Indeed, this Court has explained that “[i]n the offense of resisting an officer, the

 resisting of the public officer in the performance of some duty is the primary conduct

 proscribed by that statute and the particular duty that the officer is performing while

 being resisted is of paramount importance and is very material to the preparation of

 the defendant’s defense[.]” State v. Kirby, 15 N.C. App. 480, 488, 190 S.E.2d 320, 325
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 (1972) (third emphasis added).

¶ 15 Here, the indictment alleged that at the time of Defendant’s resistance,

 Detective Haigler was engaged in the duty of “attempting to take the defendant into

 custody for processing narcotics.” The identification of Detective Haigler’s official

 duty—attempting to take Defendant into custody—is an essential element of

 resisting a public officer. See Nickens, 262 N.C. App. at 360, 821 S.E.2d at 871; Kirby,

 15 N.C. App. at 488, 190 S.E.2d at 325. At trial, law enforcement officers testified

 that before his arrest, Defendant admitted to having “just a little bud in his pocket,”

 which the officers subsequently retrieved. Defendant does not contend that the

 officers acted unlawfully in attempting to take him into custody or that his arrest was

 unlawful. The State presented evidence that Defendant’s arrest was lawful, as

 Detective Haigler had probable cause to arrest Defendant for possession of marijuana

 when Defendant started to run away. Therefore, the allegation in the indictment

 which identified Detective Haigler’s official duty as attempting to take Defendant

 into custody conformed to the evidence actually presented at trial.

¶ 16 This Court has explained:

 The bill is complete without evidentiary matters
 descriptive of the manner and means by which the offense
 was committed. A verdict of guilty, or not guilty, is only as
 to the offense charged, not of surplus or evidential matters
 alleged. An averment in an indictment or warrant not
 necessary in charging the offense may be treated as
 exceeding what is requisite and should be disregarded. We
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 find it unnecessary to pass upon the effect of the evidential
 matters charged, therefore. The evidence corresponded
 with the allegations of the indictment which were essential
 and material to charge the offense. The judge in turn did
 an adequate job of clarifying the issues, and of eliminating
 extraneous matters, as was his duty.

State v. Lewis, 58 N.C. App. 348, 354, 293 S.E.2d 638, 642 (1982) (emphasis added)

(citations and quotation marks committed). Here, the specific basis for Defendant’s

arrest was “[a]n averment . . . exceeding what is requisite and should be disregarded.”

Id. It is immaterial whether the arrest was based on processing narcotics or

possession of marijuana because the State’s evidence demonstrated that at the time

of Defendant’s resistance, Detective Haigler was lawfully attempting to arrest

Defendant. Defendant does not argue that his arrest was not lawful because there

was no probable cause to arrest him for possession of marijuana. The fact that the

evidence at trial did not show that Detective Haigler arrested Defendant for the

specific basis of processing narcotics did not hinder Defendant from preparing a

defense nor did it leave him vulnerable to the same charges being brought against

him. Defendant also does not argue that he was prejudiced because the evidence at

trial tended to show that he was arrested for possession of marijuana. During the

charge conference, Defendant asked the trial court to change the jury instruction for

resisting a public officer to reflect that the official duty “was attempting to take the

Defendant into custody for possessing controlled substances, to wit, marijuana, which
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 is a duty of a detective.” Defendant rejected the court’s proposal to instruct the jury

 that Defendant was taken into custody for “possessing a controlled substance” and

 specifically requested the court “put marijuana in” the instruction because “that’s

 consistent with the testimony of both officers.”

¶ 17 Defendant asserts this case “is analogous” to State v. Carter, 237 N.C. App.

 274, 765 S.E.2d 56 (2014). In Carter, after a confidential source made a controlled

 purchase of drugs at the defendant’s house, deputies obtained a search warrant for

 the defendant’s person and house. Id. at 276, 765 S.E.2d at 59. On the way to the

 defendant’s house to execute the search warrant, a deputy observed the defendant in

 the passenger seat of a passing car and initiated a stop. Id. The deputy approached

 the passenger side of the car, informed the defendant he was the named subject of

 the search warrant, and ordered the defendant to step out of the car and submit to a

 search. Id. at 276–77, 765 S.E.2d at 59. When the defendant refused to exit the car,

 the deputy radioed for backup and informed the defendant he was under arrest. Id.

 at 277, 765 S.E.2d at 59. The defendant was subsequently charged and convicted of

 resisting a public officer and appealed. Id. at 277, 765 S.E.2d at 59.

¶ 18 On appeal, the defendant argued that the trial court erred in denying his

 motion to dismiss the charge of resisting a public officer because there was

 insufficient evidence that the deputy was discharging or attempting to discharge a

 duty of his office—executing a search warrant—in a lawful manner at the time the
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 defendant resisted. Id. at 276, 765 S.E.2d at 58. This Court agreed with the

 defendant, held that the deputy violated North Carolina General Statute § 15A–252

 (providing the statutory requirements for an officer intending to execute a search

 warrant), and “[c]onsequently, [the deputy] was not lawfully executing the warrant,

 and [the] defendant had a right to resist him.” Id. at 280, 765 S.E.2d at 61.

 Explaining “[t]he basis for the charge of resisting a public officer was defendant’s

 refusal to get out of the car and submit to a search of his person[,]” this Court held

 that “the legality of the stop has no bearing on the legality of Investigator Burns’

 conduct in executing the search warrant.” Id.

¶ 19 Defendant asserts “[i]n the instant case, just as in Carter, the State’s evidence

 is insufficient to show Defendant violated the particular offense the State alleged in

 its indictment.” However, Carter is inapposite, and Defendant’s characterization is

 misleading. First, there was no fatal variance or other indictment issue raised in

 Carter. The term “indictment” is not referenced at all in the Carter decision. In

 Carter, we addressed the sufficiency of the evidence pertaining to the lawfulness of

 the official duty being performed—the execution of the search warrant—which is an

 essential element of the crime of resisting a public officer. Here, however, Defendant

 does not challenge the sufficiency of the evidence regarding the legality of the official

 duty being performed—attempting to take the defendant into custody—but instead

 argues there was insufficient evidence he was arrested for processing narcotics.
 STATE V. TARLTON

 2021-NCCOA-458

 Opinion of the Court

 However, as discussed above, the basis of the arrest is “an averment unnecessary to

 charge the offense,” which “may be disregarded as inconsequential surplusage.” State

 v. Grady, 136 N.C. App. 394, 396–97, 524 S.E.2d 75, 77 (2000). As a result, there was

 no fatal variance between the indictment and the evidence presented, as “[t]he

 evidence corresponded with the allegations of the indictment which were essential

 and material to charge the offense.” Lewis, 58 N.C. App. at 354, 293 S.E.2d at 642.

 III. Conclusion

¶ 20 We hold that the evidence at trial conformed to the allegations in the

 indictment as to the essential elements of the crime of resisting a public officer.

 NO ERROR.

 Judges ARROWOOD and JACKSON concur.